KING, P.J.,
for the court.
¶ 1. Christopher Beamon has appealed the dismissal of his request for post-conviction relief. Beamon raises the following assignments of error which we cite verbatim:
I.
Circuit Court of Scott County violated appellant rights by indictment being filed untimely.
II.
Counsel was ineffective for failure to file motion to dismiss charges because untimely filed indictment.
III.
Beamon argues an additional assignment of error in his brief: Appellant didn’t know the meaning of cs. consecutive, of my sentence and my lawyer or the judge didn’t explain that.
FACTS
¶ 2. On June 3,1997, Beamon was indicted in Scott County on two counts of armed robbery. On June 10, 1997, the Circuit Court of Scott County accepted Beamon’s pleas of guilty to both counts of armed robbery. Prior to doing so, the trial judge conducted a plea-qualification hearing. On June 17, 1997, Beamon was sentenced to serve consecutive terms of fifteen and ten years in the custody of the Mississippi Department of Corrections.
¶ 3. On November 22, 2000, Beamon filed a motion for post-conviction relief. On December 29, 2000, Beamon filed an amended post-conviction relief motion. Beamon’s first petition was in the nature of a plea for clemency. In that petition, he acknowledged having committed the offenses, but said his actions were caused by his drug addiction. He stated that his wife had divorced him, and his children had been deprived of the support of a father because of his conviction and incarceration. The amended petition merely added an allegation of ineffective assistance of counsel.
¶ 4. On January 22, 2001, the court dismissed Beamon’s post-conviction motion because of his failure to meet the statutory burden of proof to establish a prima facie showing. Ford v. State 708 So.2d 73(¶ 18) (Miss.1998).
Resolution of the Issues
¶ 5. The statute on post-conviction relief requires that relief be requested within three years of the entry of a guilty plea.[1]
¶ 6. Beamon pled guilty and was sentenced on June 10, 1997. The judgment of guilt was signed on June 10, 1997, and filed by the clerk on June 17, 1997. Pursuant to § 99-39-5(2) Miss.Code Ann. (Rev.2000), at the latest, Beamon was required to file his request for post-conviction relief by June 17, 2000. It was not filed until November 22, 2000, some five months after the expiration of the statute of limitation.
¶ 7. Failure to meet the statute of limitation is a procedural bar to a request *411 for post-conviction relief, unless the mov-ant falls within one of the enumerated exceptions. Those exceptions are:
[T]hose cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss.Code Ann. § 99-39-5(2)(Rev.2000).
¶ 8. In his amended motion for post-conviction relief, Beamon predicates his ineffective assistance of counsel claim on federal statutes 18 U.S.C.A. § 3161(b) and 18 U.S.C.A. § 3162(a)(1).[2] Both federal statutes are inapplicable to his state conviction.
¶ 9. When reviewed with care, Beamon’s motion presents a general claim of ineffective assistance of counsel. He offers no specifics by which either the trial court or this Court could judge the merits of his claim. Section 99-39-9(1) of the Mississippi Code Annotated requires the post-conviction relief request include, among other things, (1) a concise statement of the basis for the claim, and (2) a sworn statement of specific facts which support the claim.[3] Miss.Code Ann. Section 99-39-9(1) (Rev.2000).
¶ 10. Beamon has not provided specific facts upon which the trial court or this Court could find merit in his claim. Pursuant to Section 99-39-11, upon receipt of a motion for post-conviction relief, the trial court is mandated to review the motion and all files, record transcripts and correspondence relating to the conviction. If the record before the trial court fails to establish a prima facie case for relief, the motion may be dismissed without further action.[4]
*412 ¶ 11. The trial judge followed this process, determined that Beamon’s claim lacked merit, and therefore dismissed it.
¶ 12. Having reviewed the record provided, this Court is of the opinion that the trial court applied the appropriate legal standard, and did not abuse its discretion in dismissing the petition for post-conviction relief.
¶ 13. Accordingly, this Court affirms that dismissal.
¶ 14. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.

. A motion for relief under this article shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Rev.2000).

.18 U.S.C.A. § 3161(b). Time limits and exclusions: (b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.
18 U.S.C.A. § 3162(a)(1). Sanctions: (a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter and on the administration of justice.

. (1) A motion under this article shall name the state of Mississippi as respondent and shall contain all of the following: (c) A concise statement of the claims or grounds upon which the motion is based, (d) A separate statement of the specific facts which are within the personal knowledge of the prisoner and which shall be sworn to by the prisoner.

. Miss.Code Ann. § 99-39-11 (Rev.2000):(l) The original motion, together with all the files, records, transcripts and correspondence *412 relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. (2) If it is plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.